**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

**ALEXANDER LARA,**

**Petitioner,**

**v.** **Case No. 1:22-cv-00588**

**WARDEN M. LEFEVER,**

**Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's request for dismissal, as set forth in his Response to Order to Show Cause. (ECF No. 8). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the request for dismissal be **GRANTED**; the petition be **DISMISSED**, as moot, and this action be removed from the docket of the Court.

## I. Relevant History

On December 19, 2022, Alexander Lara ("Lara") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, (ECF No. 1), challenging the Federal Bureau of Prison's ("BOP") calculation of his earned time credits under the First Step Act. Lara indicated that although he was being investigated in an immigration matter, there was no order of

deportation lodged against him. (ECF No. 1 at 6). Nevertheless, he was being denied credits against his sentence, which he had earned under the First Step Act ("FSA"). Lara asked the Court to provide him with the credits. (*Id.* at 7).

Respondent was ordered to file a response to the petition, (ECF No. 5), which he did on February 28, 2023. (ECF No. 8). Respondent argues that the habeas petition should be dismissed, because it was now moot. Respondent explains that at the time Lara filed the petition, the BOP had a procedure in place that prevented it from applying FSA earned time credits to an inmate's sentence if the inmate had an unresolved immigration status. (*Id.* at 1-2). However, subsequent to the filing of Lara's petition, the BOP changed its procedure, striking that prohibition. (*Id.* at 2). Accordingly, the BOP updated Lara's sentence computation, providing him with the earned time credits to which he was entitled under the FSA. Once the credits were applied, Lara was released from custody on February 17, 2023. (ECF No. 8-1). Respondent contends that in the absence of an actual controversy, the Court no longer has jurisdiction over Lara's petition and the matter must be dismissed.

Lara was given an opportunity to reply to Respondent's arguments and failed to do so. (ECF No. 9). The undersigned consulted the BOP inmate locator and confirmed that Lara was released from custody on February 17, 2023. *See* www.bop.gov/inmateloc/ (last accessed May 5, 2023).

## II. Discussion

"The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversies." *Fleet Feet, Inc., v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021). Because mootness is jurisdictional, the court must consider it even when no party has raised the issue. *United States v. Ketter,*

908 F.3d 61, 65 (4th Cir. 2018). "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983); *also Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted) ("The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence."). In other words, a case no longer presents a actionable controversy—and thus becomes moot—when it is "impossible for [the] court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

The federal habeas corpus statute requires an individual to be "in custody" at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Without that condition precedent, the court lacks subject matter jurisdiction over the habeas proceeding. Although the individual's subsequent release will not itself deprive the court of its jurisdiction, "[t]he question of mootness is separate and distinct" from the "in custody" requirement. *Id.* Generally, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007). As such, when a federal prisoner files a habeas corpus petition seeking an earlier release from incarceration, his supervening release may render the petition moot, because there is no longer a justiciable controversy.

Lara requested the application of earned time credits against his sentence; thus, leading to an expedited release from custody. According to Respondent and the BOP

inmate locater, Lara received the earned time credits he sought and has since been released. Consequently, he obtained the relief he requested in his petition, rendering the petition moot and subject to dismissal. Even assuming Lara overserved the custodial portion of his sentence due to the BOP's delay in giving him earned time credits, and further assuming Lara has a term of supervised release remaining, this Court still cannot provide him meaningful relief. A term of supervised release cannot be reduced by excess time served in prison; therefore, there is nothing to be gained through the habeas petition. *See Jones v. Bolster,* 850 Fed. Appx. 839 (4th Cir. 2021) (citing *United States v. Jackson,* 952 F.3d 492, 498 (4th Cir. 2020)).

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful

action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, (1975)).

Neither exception applies in this instance. Lara does not challenge his conviction or his sentence; rather, he claims that he was deprived of FSA credits due to the BOP's wrongful procedure. Where a petitioner elects only to challenge the execution of his sentence and not the validity of the conviction or sentence, collateral consequences are irrelevant. *Lane v. Williams,* 455 U.S. 624, 631, (1982). Similarly, the capable of repetition, but evading review exception is inapplicable here because there is no reasonable probability that Lara will be returned to federal custody and face the same alleged wrong. Mere speculation is not sufficient to meet this exception. *Herrera v. Finan,* 709 Fed. Appx. 741, 745-46 (4th Cir. 2017) (citing *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 283 (2001)); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Therefore, the undersigned **FINDS** that (1) Petitioner's release from custody renders his habeas petition moot and (2) no exception to the mootness doctrine applies in this case.

## III. Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** the request for dismissal be **GRANTED**; the Petition for a Writ of Habeas Corpus, (ECF No. 1), be **DENIED**, as moot, and this matter be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall

have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** May 5, 2023

Cheryl A. Eifert
United States Magistrate Judge